■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HERNANDEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered September 17, 1980, convicting him of criminal possession of a weapon in the second degree, after a nonjury trial, and sentencing him to an indeterminate term of imprisonment of three to nine years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of imprisonment of one and one-half to four and one-half years. As so modified, judgment affirmed. It is clear from the record that the trial court did not originally intend to impose a custodial sentence upon the defendant. Upon learning that imprisonment was mandatory, however, the court decided to impose the least onerous sentence, an indeterminate term of one and one-half to four and one-half years' imprisonment. Only upon the defendant's candid admission that he had perjured himself at trial did the court decide to double the sentence to a term of three to nine years' imprisonment. Under the circumstances, a reduction is required. Implicit in the trial court's guilty verdict after a Bench trial was a finding that the defendant had lied during the trial. This is confirmed by the trial court's declaration at sentencing that it had not believed the defendant. Nevertheless, when the court discovered from the presentence report that the defendant had admitted his perjury to the probation officer, it doubled the sentence. It is thus apparent that persistence in lying to the probation officer might have been rewarded with a minimum sentence; honest admission of the earlier falsehoods resulted in a doubled sentence. Considering the defendant's personal background and character (see *People v Richard,* 65 AD2d 595) and the circumstances we have described, we conclude the sentence was excessive to the extent indicated. Damiani, J. P., Lazer, Cohalan and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVIA LAKES, Also Known as VIVIAN LEE, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Couzens, J.), rendered December 18, 1979, convicting her of arson in the second degree, upon her plea of guilty, and imposing sentence. Judgment affirmed. The record discloses that the attorney provided meaningful representation (see *People v Baldi,* 54 NY2d 137). Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE Scocco, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered March 5, 1981, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed (see *People v Thomas,* 53 NY2d 338). This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.