■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MONACO, Appellant. — Appeal by defendant, from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered April 7, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although Criminal Term erred in refusing to hold a *Wade* hearing, a review of the trial record demonstrates that the defendant was not identified by the complaining witness as a result of any procedures employed by the police. Rather, the complaining witness, who was a credible witness, testified that two days after the crime he saw the defendant on the street and had his wife call the police. They came about 10 minutes later and arrested the defendant. Concerning proof of guilt, we note that although the complaining witness only had a brief observation of the defendant's face under poor lighting conditions, he was nevertheless able to give the police a fairly accurate description of the defendant and to recognize him on the street two nights after the crime. As the Court of Appeals said in *People v Seppi* (221 NY 62, 68): "Where a witness positively identifies a defendant as the man who committed a crime, the weight of the evidence of identification is for the jury unless it is

incredible as a matter of law". While the complainant's testimony did contain certain inconsistencies, they did not not rise to such a level as to make his testimony on identification incredible as a matter of law. It is significant that none of the inconsistencies in his testimony concerned the accuracy of his description of the defendant. Lastly, while perhaps defense counsel should not have permitted the defendant to testify, this "was at most a mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel" (*People v Jackson*, 52 NY2d 1027, 1029). Moreover, the record discloses that defense counsel did, in fact, provide the defendant with meaningful representation (see *People v Baldi*, 54 NY2d 137; *People v Lakes*, 86 AD2d 618). Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.