THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MAGEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered April 22, 1985, convicting him of burglary in the first degree, attempted sexual abuse in the first degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed, and case remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's first contention is that certain photographic identification procedures were suggestive and required suppression of the in-court identifications by the complainant and her roommate. Specifically, the defendant alleges that the procedures were suggestive because (1) the photograph of the defendant, who was described as having reddish blond hair and being below average in size, was placed in the same array with photographs of persons who were either much taller, much heavier, or who had darker hair, (2) there were variations in the finish on the various photographs, (3) the two witnesses were in the same room while examining the photographs, and (4) the complainant was shown only a single photograph of the defendant at a pretrial hearing held on January 16, 1985.

Suppression was not required. The photographs used in the

array showed only the heads of the persons depicted and there was no way of telling the height or weight of any of them. Furthermore, the photograph of the defendant showed him with dark-colored hair. It therefore could not be considered suggestive to place his photograph in an array with the photographs of five dark-haired individuals. It is true, as the defendant contends, that all of the photographs did not have the same type finish. However, since three photographs had one type of finish and the other three a second type, there was nothing about the defendant's photograph to draw the viewer's attention to it or otherwise indicate that the police had made a particular selection (see, *People v Fox*, 65 AD2d 880; *People v Shea*, 54 AD2d 722).

Although the testimony at the *Wade* hearing indicated that each of the witnesses was present in the same room while the other was viewing photographs, it was uncontradicted that they were separated by at least 10 feet and neither saw nor heard the other make a selection. In these circumstances, such a procedure is not suggestive (see, *People v Cummings*, 109 AD2d 748; *People v Minor*, 104 AD2d 830).

Moreover, there clearly was an independent basis for the identification. The complainant observed the defendant for approximately 15 minutes during the incident in a room which was partially illuminated by light from a parking lot light 10 feet outside of the window. Her full attention was on the defendant during this entire period and in addition, she got a clear view of the defendant when he opened the door to leave the room. Furthermore, to the extent that there had been an issue as to the identity of the defendant as the man who entered the complainant's room, the defendant himself resolved the issue at trial when he took the stand in his own defense and testified that he had entered a female's room, that his hand had come into contact with the female's face, and that he had pushed the female down after she grabbed his hand.

The defendant also argues that the trial court erred when it denied his motion for a mistrial and allowed continued deliberation by a juror who was informed during the deliberations that his mother had died. The juror expressed a wish to continue, stating that the death had not been unexpected and that he would not be needed in the making of funeral arrangements. After extensively questioning the juror to insure that he would not feel an urgency to reach a verdict and instructing him that he was not to advise the other jurors of the death, the court denied the motion and allowed the juror

to continue deliberating. After the jury reached a verdict, the court interviewed each of the other jurors to insure that none of them was aware of the death of the mother. Under these circumstances, we cannot conclude that the trial court's decision to deny the motion for a mistrial was an abuse of discretion *(see, People v Buford,* 119 AD2d 761). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.