■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATSY DANZA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered March 25, 1986, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), and endangering the welfare of a minor, upon a jury verdict, and imposing a sentence of imprisonment of 5 to 15 years on each of the rape counts, to run concurrently with each other, 5 to 15 years on each of the sodomy counts, to run concurrently with each other, and one year on the endangering the welfare of a minor count, to run concurrently with all other sentences imposed, and directing further that the terms of imprisonment imposed on the sodomy counts were to run consecutively to the terms of imprisonment imposed on the rape counts.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision providing that the terms of imprisonment imposed on the sodomy counts are to run consecutively to the terms of imprisonment imposed on the rape counts, and substituting therefor a provision that said terms of imprisonment shall run concurrently to each other. As so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (5).

The defendant having expressed no dissatisfaction with the trial court's voir dire and having failed to object or take exception to the court's determination that the 10-year-old complainant was competent to give sworn testimony at the trial, his contention that the voir dire was inadequate and, hence, that the court's determination that she was competent to testify was erroneous, has not been preserved for appellate review (see, CPL 470.05 [2]; People v Johnson, 185 NY 219). In any event, we find that the voir dire of the complainant was proper (cf., People v Ranum, 122 AD2d 959).

Viewing the evidence adduced in the light most favorable to the People, as we must, it cannot be said that the jury's verdict was against the weight of the credible evidence (see, People v Bigelow, 106 AD2d 448). While the testimony of the 10-year-old complainant was uncorroborated, it was legally sufficient to support the verdict. The credibility of that testimony was for the jury to determine, and, although it did

contain some minor inconsistencies, there is no basis in the record to warrant this court's interference with that determination *(see, People v Di Girolamo,* 108 AD2d 755; *People v Bigelow, supra; People v Monaco,* 93 AD2d 823).

Under the circumstances of this case, and given the defendant's age, background, and his lack of any prior criminal history, the sentence is modified to the extent indicated.

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.