■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

STEPHEN JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered December 29, 1981, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record established that there were no improper procedures employed by the police and the victim's in-court identification of the defendant was properly admitted at trial (see, People v Monaco, 93 AD2d 823). The victim observed the defendant, who was hitchhiking on Route 9, the day after the crime. After passing the defendant on the road a second time to ensure that he was in fact the person who had stolen her purse, the driver of the vehicle in which the victim was a passenger alerted the police via his citizen's band radio. They then proceeded to follow the vehicle which had picked up the defendant. The police responded to the scene and ultimately stopped the vehicle in which the defendant was a passenger. When the defendant exited the vehicle, the victim confirmed for the police that the defendant was the one who had stolen her purse the night before. Approximately 30 minutes later, she again identified the defendant at police headquarters where he was being held. Such a confirmatory identification cannot be construed as unnecessarily suggestive and the defendant's argument to the contrary is without merit (see, People v Morales, 37 NY2d 262).

Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for our review or without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.