■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RIVERA, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 1, 1982, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence ad-

duced at the *Wade* hearing reveals that the photographic array identification procedure was neither improperly conducted nor unduly suggestive *(see, People v Jackson,* 108 AD2d 757). Although the defendant argues, *inter alia,* that the two complaining witnesses jointly viewed the photographic array, thereby tainting their identifications of him as the perpetrator, the record clearly establishes otherwise. The hearing testimony discloses that, without prejudicial comment by the police, the complaining witnesses, who were seated some 15 feet apart, separately viewed the arrays, did not converse or confer, and reached independent decisions in respect to their selections *(see, People v Magee,* 122 AD2d 227; *People v Cummings,* 109 AD2d 748). The defendant's further contentions regarding the suggestiveness of the array are unavailing *(see, People v Bowers,* 128 AD2d 541; *People v Coleman,* 114 AD2d 906).

Moreover, viewing the evidence in a light most favorable to the prosecution, as we must *(see, e.g., People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that, based upon the complainants' opportunity to observe the defendant during the robbery at close range, in a well-illuminated area, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319, *reh denied* 444 US 890). Contrary to the defendant's contentions, the jury was entitled to give great weight to the testimony of the eyewitnesses and to reject that of the defendant and his alibi witnesses *(see, People v Hooper,* 112 AD2d 317, 318; *People v Monaco,* 93 AD2d 823; *see also, People v Grant,* 118 AD2d 726, 727, *lv denied* 67 NY2d 1052). Matters of credibility and the weight to be given to the witnesses' testimony are primarily for the jury to determine *(see, People v Gaimari,* 176 NY 84, 94; *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we reject the contention that certain of the prosecutor's remarks—many of which are unpreserved for appellate review—denied the defendant a fair trial. We note in particular that it was the defense counsel who first elicited testimony of an alibi witness that the defendant and the witness had participated in a burglary unrelated to the crimes charged at bar. In any event, we find no reasonable probability that the comments complained of had an effect on the outcome of the

trial *(see, People v Galloway,* 54 NY2d 396; *People v Roseman,* 78 AD2d 878, 879).

We have reviewed the defendant's remaining contentions—including his argument with respect to the speedy trial issue—and have found them to be without merit. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.