OPINION OF THE COURT
A. Frederick Meyerson, J.
The above-named defendant was indicted, inter alla, for criminal sale of a controlled substance in the third degree. His trial, which commenced on July 5, 1990 before Justice Neil Jon Firetog, ended on July 11, with the declaration of a mistrial during the course of jury deliberations, which had begun the previous day. The basis for Justice Firetog’s action, which was set forth in the moving papers as well as in the trial transcript, concerned his relaying notification, over defense counsel’s objection, to one of the deliberating jurors of the fact that her nephew had been shot and killed the previ *347 pus day. Following his doing so, he conducted an inquiry of the juror to determine her ability to continue deliberating. When she indicated that she would be unable to do so, Justice Firetog, noting that she became visibly upset upon learning of the situation, arranged for the availability of emergency medical personnel, obtained car service to transport her home, and discharged her from the jury. He then, over defense counsel’s objection, discharged the remaining 11 jurors and declared a mistrial on the ground of manifest necessity.
The defendant now moves this court to bar a retrial and for dismissal of the indictment pursuant to the Constitutions of both the United States and New York, and CPL 280.10, contending that inasmuch as a mistrial was declared following the swearing of the jury, jeopardy had attached, and a retrial would violate his right not to be subjected to double jeopardy.*
CPL 280.10 (3) states: "[a]t any time during the trial, the court must declare a mistrial and order a new trial of the indictment * * * [u]pan motion of either party or upon the court’s own motion, when it is physically impossible to proceed with the trial in conformity with law.”
The law is clear that once a jury has been sworn, jeopardy has attached. (Illinois v Somerville, 410 US 458; CPL 40.30 [1].) Absent defendant’s consent or misconduct, a defendant can be retried following a postswearing declaration of mistrial only where such declaration of mistrial was "manifestly necessary” (Matter of Colcloughley v Johnson, 115 AD2d 58, 61), or where " 'the ends of public justice would otherwise be defeated’ ” (People v Michael, 48 NY2d, 1, 9). The burden of establishing manifest necessity in such cases is on the prosecutor. (Matter of Dickson v Morgenthau, 102 AD2d 168, citing Arizona v Washington, 434 US 497, 505.)
In evaluating whether there was a "manifest necessity” for a mistrial, the word "necessity” is not to be interpreted literally. All that is required is a "high degree” of necessity before concluding that a mistrial is appropriate. (People v Gentile, 96 AD2d 950.) This determination will by its nature vary with the circumstances under which the mistrial was granted. The court, in making it, must weigh the defendant’s *348 right to have his trial completed by a particular tribunal against the " ' "public’s interest in fair trials designed to end in just judgments” ’ ” (supra, at 952, citing Hall v Potoker, 49 NY2d 501, 505).
In his Practice Commentary to CPL 280.10, Professor [now Judge] Bellacosa discusses specific exceptional circumstances which go so far as to constitute that "manifest necessity” which a Judge, when declaring a mistrial where jeopardy has attached, must find in order not to preclude a retrial on double jeopardy grounds. "One kind of 'exceptional’ circumstance meeting this standard consists of some occurrence rendering it physically impossible to proceed with the trial, such as death or serious illness of the judge or other essential court personnel” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 280.10, at 512, citing People ex rel. Epting v De Voe, 309 NY 818; People ex rel. Brinkman v Barr, 248 NY 126, 130) or the serious illness of a prosecution witness (People v Kelly, 9 NY2d 697; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 280.10, at 512; see also, Hall v Potoker, 49 NY2d 501, supra).
On the other hand, a sua sponte declaration of mistrial by a court has been held to be an abuse of discretion where, during the trial, a juror failed to appear, but upon being contacted, stated he could be present the next day. The court’s excusing the jury based upon the inconvenience which would attend the remaining jurors was ruled reversible error. (Matter of Colcloughley v Johnson, supra.) Similarly, the unforeseen delay caused by the posttestimonial fatal heart attack of a People’s witness which rendered his stepdaughter, another witness, purportedly incapable of then testifying, was held not to constitute manifest necessity for the court’s aborting the trial where the court failed to investigate the circumstances surrounding her incapacity to take the stand, or the duration her supposedly distraught mental state would have continued to preclude her from testifying. (Matter of Respeto v McNab, 90 AD2d 308.)
There does not appear to be any reported case specifically addressing the factual situation presented herein. However, in People v Magee (122 AD2d 227), the trial court was faced with a similar question where it informed a juror engaged in deliberations of the death of his mother. The juror expressed a desire to continue deliberating, stating that the death had not been unexpected and that he would not be needed in the *349 making of funeral arrangements. After conducting an extensive inquiry, which preceded instructions to the juror not to advise the other jurors of the death, the court denied the motion for a mistrial and allowed the juror to continue deliberations. The Appellate Division, Second Department, in affirming the judgment of conviction, ruled this not to be an abuse of discretion.
The case at bar presents the factual situation of Magee (supra) in the converse. Justice Firetog, confronted with the possibility that the juror would be unable to continue deliberating, nevertheless felt, and so indicated that it would be, improper for him to conceal this news from her. The record amply reveals that upon receiving the tragic and unexpected message, she was, indeed, incapable of deliberating, and the court properly exercised its discretion in discharging her and declaring a mistrial. Accordingly, the People have met their burden in demonstrating the existence of manifest necessity, and the defendant’s motion is in all respects denied.

 This motion involves a matter which appears on the calendar of this IAS Part. The trial was conducted by Justice Firetog, who was then temporarily sitting in Part 19 by order of the Administrative Judge. Although the motion addresses the ruling of another Judge of concomitant jurisdiction, it has been referred to me by Justice Firetog, and both defense counsel and the office of the District Attorney have consented to its disposition by me.