◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVARNE WILLIAMS, Appellant. [658 NYS2d 1022] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered June 12, 1995, convicting him of murder in the second degree (two counts) and rape in the first degree, upon a jury verdict, and imposing sentence as a persistent felony offender. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence adduced at the hearing reveals that the photographic array identification procedure was neither improperly conducted nor unduly suggestive *(see, People v Bar-*

*tholomew*, 237 AD2d 371; *People v Rivera*, 135 AD2d 667; *People v Magee*, 122 AD2d 227). In addition, the record amply supports the hearing court's determination that the defendant agreed to accompany the officers to police headquarters *(see, People v Prochilo*, 41 NY2d 759; *People v Bloomfield*, 221 AD2d 651).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant was not deprived of the effective assistance of trial counsel *(see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Ellis*, 81 NY2d 854; *People v Garcia*, 75 NY2d 973).

The defendant's remaining contentions are unpreserved for appellate review *(see, People v Dickens*, 88 NY2d 1031; *People v Proctor*, 79 NY2d 992; *People v Oliver*, 63 NY2d 973; *People v Nuccie*, 57 NY2d 818). O'Brien, J. P., Ritter, Altman and Mc-Ginity, JJ., concur.