■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN SCOTT, Respondent. [606 NYS2d 179] —Order, Supreme Court, New York County (Jay Gold, J.), entered January 11, 1993, granting defendant's motion to suppress evidence, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

There is nothing in the record to support the hearing court's finding that, despite believing the arresting officer's testimony, this search was a pretextual investigative search rather than routine police procedure and was motivated by the arresting officer's desire to see whether there was some additional evidence of criminality. The officer testified that, on

April 10, 1992, defendant was arrested in a sweep of subway farebeaters at the IRT station at 34th Street and Seventh Avenue and that their procedure was to inventory the arrestee's property "because once they go down to our command and [are] placed in the cell, they can't have their property." According to the officer, the purpose of the inventory was to guard against claims that the arresting officer "stole my money or something." Moreover, despite the officer's response that inventories were normally done at the stationhouse, it is clear from the record that in the case of farebeating sweeps where the offenders were arrested rather than given a desk appearance ticket, the inventories were usually conducted in a room used to process arrests at that station. Moreover, the procedure followed by the officer, who contemporaneously vouchered everything that he found in the bags carried by defendant, was clearly related to the underlying justification for inventory searches *(see, People v Galak,* 80 NY2d 715). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.