■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY REYNOSO, Appellant. [647 NYS2d 792] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered January 5, 1994, convicting him of murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is affirmed.

The defendant was convicted of one count of murder in the second degree and two counts of assault in the first degree after shooting and killing a man outside a grocery store and shooting and injuring two other men in the process.

The defendant failed to preserve for appellate review his contention that the court improperly permitted the in-court

identification of the defendant by an eyewitness who had been injured in the shooting incident *(see,* CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, despite the inconsistencies in the eyewitness's identification of the defendant by his nickname during pretrial proceedings, the court properly determined, after finding an unduly suggestive showup, that the eyewitness's consistent identification of the defendant as one of three shooters was sufficiently supported by an independent source *(see, People v Muriell,* 128 AD2d 554; *People v Jones,* 125 AD2d 494; *People v Griffin,* 106 AD2d 402). The evidence established that the eyewitness had frequently seen the defendant on the same street corner, at all times of the day and night, for about a year prior to the incident.

We reject the defendant's contention that he was denied a fundamental right to be present at all material stages of the trial by his exclusion from numerous sidebar discussions with prospective jurors during voir dire *(see, People v Antommarchi,* 80 NY2d 247). The defendant knowingly, voluntarily, and intelligently waived his right to be present when, prior to the commencement of voir dire, his trial counsel informed the court, in the defendant's presence, that he had discussed the matter with the defendant and that the defendant had agreed to waive his right to be present *(see, People v Smallwood,* 225 AD2d 713; *People v Stokes,* 216 AD2d 337; *see also, People v Vargas,* 88 NY2d 363).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.