■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN FLEMING, Appellant. [721 NYS2d 548] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated August 9, 1993 (*People v Fleming,* 196 AD2d 551), affirming a judgment of the Supreme Court, Kings County, rendered November 30, 1990.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Ritter, J. P., S. Miller, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL FULFORD, Appellant. [721 NYS2d 109] —Appeal by the defendant from the judgment of the Supreme Court, Kings County (Wade, J.), rendered May 26, 1999, convicting him of robbery in the second degree (two counts), robbery in the third degree, grand larceny in the third degree, and unauthorized use of a vehicle in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court's *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371), which permitted the prosecutor to inquire about the defendant's past felony convictions and his use of aliases upon arrest for certain of these crimes, was not reversible error. Evidence of a defendant's conviction of a prior larcenous crime, as well as his use of aliases, is highly probative of his credibility, because it bears on his willingness to place his own interests above those of society (*see, People v Walker,* 83 NY2d 455; *People v Miller,* 199 AD2d 422; *People v Ellis,* 162 AD2d 611). Moreover, the prosecutor was not permitted to inquire about the underlying facts of those crimes, but was allowed to elicit only that they involved the taking of property. Accordingly, the court providently exercised its discretion in making its *Sandoval* ruling (*see, People v Miller, supra; People v Ellis, supra*).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention, raised in his supplemental *pro se* brief, is unpreserved for appellate review, and, in any event, is without merit. O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.