THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. TOWNLEY, Appellant. (Appeal No. 1.) [730 NYS2d 908] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in accepting his plea of guilty to attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]) without conducting a sufficient factual colloquy with respect to each element of that crime and an intoxication defense. Because defendant failed to move to withdraw his plea or to vacate the judgment of conviction, he failed to preserve those contentions for our review (*see, People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez,* 71 NY2d 662, 665). Contrary to defendant's contention, the plea allocution does not engender significant doubt regarding the voluntariness of the plea to bring this case within the narrow exception to the preservation doctrine (*see, People v Toxey, supra,* at 726; *People v Lopez, supra,* at 666). Were we to reach the merits, we would affirm since "it is not necessary that a defendant admit guilt when entering an *Alford* plea provided the plea is informed and intelligent" (*People v White,* 214 AD2d 811, 812, *lv denied* 86 NY2d 742; *see, North Carolina v Alford,*

400 US 25, 37). Here, the court reviewed the ramifications of the plea with defendant, who indicated that he was acting freely and voluntarily after a complete discussion of the matter with defense counsel.

Even assuming, arguendo, that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea (*cf., People v Burke*, 256 AD2d 1244, *lv denied* 93 NY2d 851), we conclude that defendant's contention lacks merit. Based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Genesee County Court, Noonan, J.—Attempted Assault, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.