◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LIBBETT, Appellant. [737 NYS2d 708] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress the showup identifications of defendant by the victim and two eyewitnesses. Defendant was apprehended one block from the crime scene, and the showup procedure was conducted at the crime scene approximately 30 minutes after the underlying menacing incident. Contrary to the contention of defendant, the fact that he was in handcuffs and standing next to a police vehicle during the showup procedure does not render the procedure unduly suggestive as a matter of law (*see, People v Boyd,* 272 AD2d 898, 899, *lv denied* 95 NY2d 850; *People v Hendrick,* 192 AD2d 1100, *lv denied* 82 NY2d 755). Defendant further contends that the showup procedure was unduly suggestive because the victim and the two eyewitnesses were in the same room when they identified defendant. We disagree. Cumulative witness identifications are not presumptively forbidden (*see, People v Duuvon,* 77 NY2d 541, 545). In this case, two of the witnesses were standing at the other side of the room while the remaining witness viewed the suspects through an open door, and it cannot be said that the witnesses were in such proximity while viewing the suspects that there was an

increased "likelihood that if one of them made an identification the others would concur" (*People v Adams,* 53 NY2d 241, 249). Finally, contrary to defendant's contention, the investigator conducting the showup procedure did not inform the witnesses about the circumstances of defendant's arrest. (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Possession Weapon, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.