■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS TELESFORD, Appellant. [770 NYS2d 118]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 3, 2002, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) properly permitted the prosecutor to inquire about the defendant's previous convictions of certain crimes, and his use of aliases upon his arrest for the crimes leading to those convictions. It is well-established that "[c]onvictions involving theft, such as robbery, are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society" (*People v Creel,* 215 AD2d 577, 578 [1995]). Similarly, a defendant's use of aliases is highly probative of his credibility (*see People v Fulford,* 280 AD2d 682 [2001]). Moreover, the Supreme Court did not permit the prosecution to ask the defendant about all of his previous convictions, and prohibited the prosecution from inquiring about the underlying facts of any of the convictions. Thus, the Supreme Court providently exercised its discretion in making its *Sandoval* ruling (*see People v Fulford, supra*).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review and, in any event, without merit (*see People v McKenzie,* 298 AD2d 409 [2002]; *People v Rice,* 285 AD2d 617 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.