■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
KASIEM CALLENDER, Appellant. [777 NYS2d 656]—

Appeal by the defendant from a judgment of the Supreme
Court, Westchester County (Molea, J.), rendered November 20,
2002, convicting him of robbery in the first degree (eight
counts), attempted robbery in the first degree, robbery in the
second degree, and burglary in the second degree, upon a jury
verdict, and imposing sentence. The appeal brings up for review
the denial, after a hearing, of that branch of the defendant's
omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to
suppress identification testimony motion was properly denied.
Upon our review of the photographic array, we agree with the
hearing court's finding that the difference between the
defendant's hairstyle and the hairstyles of the fillers was insig-
nificant and did not call undue attention to the defendant (*see
People v Chipp,* 75 NY2d 327 [1990]; *People v Saunders,* 306
AD2d 502 [2003]; *People v Wright,* 297 AD2d 391 [2002]).

Viewing the evidence in the light most favorable to the prose-
cution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it
was legally sufficient to establish the defendant's guilt beyond a
reasonable doubt. Moreover, upon the exercise of our factual
review power, we are satisfied that the verdict of guilt was not
against the weight of the evidence (*see* CPL 470.20 [2]).

The defendant's remaining contentions are without merit.
Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAUL DOMINGUEZ, Appellant. [777 NYS2d 677]—Application by the
appellant for a writ of error coram nobis to vacate, on the
ground of ineffective assistance of appellate counsel, a decision
and order of this Court dated April 1, 1996 (*People v Dominguez,*
226 AD2d 391 [1996]), affirming a judgment of the Supreme
Court, Queens County, rendered June 3, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the
effective assistance of appellate counsel (*see Jones v Barnes,* 463
US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti,
P.J., Santucci, Altman and Florio, JJ., concur.