THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES RODRIGUEZ, Appellant. (Appeal No. 1.) [794 NYS2d 543]—

Appeal from a judgment of the Erie County Court (Timothy J.

Drury, J.), rendered January 8, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from three judgments, each convicting him upon his respective pleas of guilty of one count of burglary in the second degree (Penal Law § 140.25 [2]). Defendant contends that his statement to the police, the victims' identifications of him, and the property seized following his arrest were illegally obtained and should have been suppressed because the police lacked probable cause to arrest him. We reject that contention. The testimony at the suppression hearing supports County Court's determination that the police, who had obtained information connecting defendant to a burglary that occurred earlier that day, had probable cause to arrest defendant (see People v Speicher, 8 AD3d 1008 [2004], lv denied 3 NY3d 681 [2004]).

Defendant further contends that a knapsack and its contents as well as a hat were illegally seized without a warrant and that his written statement given to the police was involuntary. "The conflicting testimony at the [suppression] hearing presented a credibility issue that the court was entitled to resolve against defendant" (People v Pennick, 2 AD3d 1427, 1428 [2003], lv denied 1 NY3d 632 [2004]; see People v Young, 303 AD2d 952 [2003]; People v Collins, 302 AD2d 958 [2003], lv denied 99 NY2d 653 [2003]). The testimony of the police detectives established that defendant brought the knapsack with him to the police station, and the contents of the knapsack were properly seized during a routine inventory search (see People v Zoccoli, 287 AD2d 754 [2001], lv denied 97 NY2d 710 [2002]; People v Scott, 200 AD2d 358, 359 [1994], lv denied 83 NY2d 858 [1994]; see generally People v Johnson, 1 NY3d 252, 256 [2003]). The detectives further testified that defendant indicated that he wanted to change his clothes before going to the police station and that, when they accompanied defendant to his bedroom so that he could do so, they observed the hat in plain view in the bedroom (see People v Johnson, 277 AD2d 875 [2000], lv denied 96 NY2d 831 [2001]; see generally People v Brown, 96 NY2d 80, 89 [2001]). The testimony of the detectives further established that defendant's written statement was preceded by Miranda warnings and was voluntarily given (see Pennick, 2 AD3d at 1428; People v Kemp, 266 AD2d 887, 887-888 [1999], lv denied 94 NY2d 921 [2000]).

Contrary to defendant's contention, the photo array was not

unduly suggestive (*see People v Clark*, 15 AD3d 864 [2005]; *see generally People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). "[T]he subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Cunningham*, 15 AD3d 945 [2005]). Contrary to defendant's further contention, the fact that a witness viewed the photo array while a second witness was in the room did not taint the witness's identification of defendant's photograph in the photo array (*see People v Libbett*, 289 AD2d 961 [2001], *lv denied* 97 NY2d 730 [2002]; *People v Rosario*, 253 AD2d 706 [1998]). There was no communication between the two witnesses while the first witness viewed the photo array and identified defendant's photograph.

Defendant contends that he raised an intoxication defense to the burglaries during the plea colloquy for the respective guilty pleas and that his respective guilty pleas therefore were not voluntarily, knowingly, and intelligently entered. Defendant failed to move to withdraw the pleas or to vacate the judgments of conviction and thus failed to preserve his contention for our review (*see People v Townley*, 286 AD2d 885 [2001]). This is not one of those rare cases "where the defendant's recitation of the facts underlying the crime[s] pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[s]" to obviate the preservation requirement (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see Townley*, 286 AD2d at 885; *People v Sierra*, 256 AD2d 598, 599 [1998], *lv denied* 93 NY2d 1027 [1999]). Contrary to defendant's further contention, the court properly directed that the determinate term of imprisonment imposed with respect to one conviction of burglary shall run consecutively to the determinate concurrent terms of imprisonment imposed with respect to the other two convictions of burglary (*see* Penal Law § 70.25 [2-b]). Finally, the aggregate sentence, which was in accordance with the terms of the plea agreement in connection with each plea, is not unduly harsh or severe, particularly in view of defendant's lengthy criminal history. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.