unduly suggestive (*see People v Clark*, 15 AD3d 864 [2005]; *see generally People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). "[T]he subjects depicted in the photo array are sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Cunningham*, 15 AD3d 945 [2005]). Contrary to defendant's further contention, the fact that a witness viewed the photo array while a second witness was in the room did not taint the witness's identification of defendant's photograph in the photo array (*see People v Libbett*, 289 AD2d 961 [2001], *lv denied* 97 NY2d 730 [2002]; *People v Rosario*, 253 AD2d 706 [1998]). There was no communication between the two witnesses while the first witness viewed the photo array and identified defendant's photograph.

Defendant contends that he raised an intoxication defense to the burglaries during the plea colloquy for the respective guilty pleas and that his respective guilty pleas therefore were not voluntarily, knowingly, and intelligently entered. Defendant failed to move to withdraw the pleas or to vacate the judgments of conviction and thus failed to preserve his contention for our review (*see People v Townley*, 286 AD2d 885 [2001]). This is not one of those rare cases "where the defendant's recitation of the facts underlying the crime[s] pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[s]" to obviate the preservation requirement (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see Townley*, 286 AD2d at 885; *People v Sierra*, 256 AD2d 598, 599 [1998], *lv denied* 93 NY2d 1027 [1999]). Contrary to defendant's further contention, the court properly directed that the determinate term of imprisonment imposed with respect to one conviction of burglary shall run consecutively to the determinate concurrent terms of imprisonment imposed with respect to the other two convictions of burglary (*see* Penal Law § 70.25 [2-b]). Finally, the aggregate sentence, which was in accordance with the terms of the plea agreement in connection with each plea, is not unduly harsh or severe, particularly in view of defendant's lengthy criminal history. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES RODRIGUEZ, Appellant. (Appeal No. 2.) [793 NYS2d 815]— Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered January 8, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Same memorandum as in *People v Rodriguez* (17 AD3d 1127 [2005]). Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES RODRIGUEZ, Appellant. (Appeal No. 3.) [793 NYS2d 809]— Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered January 8, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Same memorandum as in *People v Rodriguez* (17 AD3d 1127 [2005]). Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FIGUEROA, Appellant. [794 NYS2d 262]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered November 10, 2003. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated and reckless driving.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the mandatory surcharge to $160 and by vacating the sentences imposed on driving while intoxicated and reckless driving and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on counts two and three of the superior court information.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]); driving while intoxicated as a misdemeanor (§ 1192 [3]; § 1193 [1] [b]) and reckless driving (§ 1212). We reject the contention of defendant that his waiver of the right to appeal was not voluntary, knowing and intelligent (*see generally People v Allen*, 82 NY2d 761, 763 [1993]). That waiver encompasses defendant's contention that the incarceration portion of the sentence is unduly harsh or severe (*see People v Lococo*, 92 NY2d 825, 827 [1998]). Defendant's contention that County Court erred in calculating the mandatory surcharge, however, survives the waiver of the right to appeal (*see People v Nicholson,*