■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY ANTHONY, Appellant. [800 NYS2d 625]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 19, 2000, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court providently exercised its discretion in balancing the probative value of allowing the People to introduce evidence of the defendant's prior convictions against any prejudicial effect on his defense (*see People v Hayes,* 97 NY2d 203, 207-208 [2002]; *People v Gray,* 84 NY2d 709, 712 [1995]; *People v Walker,* 83 NY2d 455, 459 [1994]; *People v Sandoval,* 34 NY2d 371 [1974]; *People v Kelland,* 208 AD2d 954 [1994]; *People v Overton,* 192 AD2d 624 [1993]).

The hearing court properly declined to suppress identification testimony at trial, since neither the photo array nor the line-up procedure was unduly suggestive (*see* CPL 710.20 [6]; *United States v Wade,* 388 US 218 [1967]; *People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Callender,* 8 AD3d 294 [2004]; *People v Richards,* 2 AD3d 883 [2003]; *People v Torres,* 309 AD2d 823, 824 [2003]; *People v Wright,* 297 AD2d 391 [2002]; *People v Shaw,* 251 AD2d 686 [1998]; *People v Stackhouse,* 201 AD2d 686 [1994]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review, since defense counsel made

only a general motion to dismiss at the close of the People's case and at the close of the evidence (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Seabrooks*, 289 AD2d 515 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.