■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASIEM CALLENDER, Appellant. [827 NYS2d 885]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 1, 2004 (*People v Callender,* 8 AD3d 294 [2004]), affirming a judgment of the Supreme Court, Westchester County, rendered November 20, 2002.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Rivera, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CAMPBELL, Appellant. [829 NYS2d 204]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 18, 2001, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminal sale of marijuana in the fourth degree, unlawful possession of marijuana, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed for the crime of criminal possession of a controlled substance in the fourth degree, a crime for which the defendant was not convicted; as so modified, the judgment is affirmed.

In light of the overwhelming nature of the proof of guilt and the court's limiting instructions on the use the jury could make of evidence of the defendant's prior convictions, the court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) did not deprive the defendant of a fair trial and does not warrant reversal (*see People v Myron,* 28 AD3d 681 [2006]).

However, the sentence for criminal possession of a controlled substance in the fourth degree reflected in the sentencing minutes must be vacated, as the minutes of the verdict demonstrate that the defendant was not convicted of that offense. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.