■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SEYMOUR, Appellant. [909 NYS2d 410]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered February 13, 2008, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of grand larceny in the fourth degree to petit larceny, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for sentencing to time served on the conviction for petit larceny.

The defendant's conviction arises from two incidents in which he allegedly stole merchandise from a Home Depot store. The defendant was charged with one count of grand larceny in the fourth degree, based, inter alia, on his having taken property with a value of over $1,000 in an "ongoing course of conduct and common plan and scheme." After a pretrial hearing, the County Court denied that branch of the defendant's omnibus motion which was to suppress identification testimony. At the hearing, the County Court also ruled that if the defendant chose to testify at trial, the prosecutor could impeach him with evidence of the fact of one felony and seven misdemeanor convictions, but could not elicit the specific charges of which the defendant had been convicted, nor the underlying facts leading to the prior convictions.

At trial, the defendant's nephew testified that he accompanied the defendant to the store on two dates. The nephew testified that on the first date, he and the defendant placed a television on a cart. While the defendant spoke to a store employee, his nephew wheeled the cart out of the store, and then the defendant followed. A store cashier testified that she witnessed this occurrence, and she identified the defendant at trial. The cashier also testified that after the defendant left the store, she looked up a price of televisions on a display, since she "recognized the front of the box" of those televisions. The cashier indicated that the sale price of the televisions on the display was $1,999.97. The cashier did not know the model number or name of the television that the defendant allegedly took. The People introduced no further evidence as to the specific type of televi-

sion that was allegedly taken, nor as to the price of that television.

The defendant's nephew testified that on the second occasion, he and the defendant placed various items of merchandise in a shopping cart, wheeled that cart to a store exit, and placed those items beneath a gap in a fence leading to the parking area. A store "loss prevention investigator" testified to having witnessed those events, and identified the defendant at trial.

The County Court instructed the jury, inter alia, that the defendant was charged with having committed one count of grand larceny in the fourth degree based on having, in concert with another person, wrongfully taken, retained, or withheld from its owner items with a value exceeding $1,000 over the course of the two incidents. The jury convicted the defendant of grand larceny in the fourth degree.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Initially, contrary to the People's contention, the defendant sufficiently preserved his contentions for appellate review in this regard (see CPL 470.05 [2]). However, the People established in the first instance that the photo array was not improper, and the defendant failed to establish that the procedure was unduly suggestive (see People v Chipp, 75 NY2d 327, 335-336 [1990], cert denied 498 US 833 [1990]). In particular, although there was conflicting evidence as to whether the first witness may have been present in the room when the second witness viewed the photo array, that evidence would not, by itself, taint the second witness's identification testimony, absent evidence of communication between the two witnesses, which was not present here (see People v Rodriguez, 17 AD3d 1127, 1129 [2005]; People v Rosario, 253 AD2d 706 [1998]; People v Williams, 240 AD2d 442 [1997]). The County Court also did not err in determining that the photos of the fillers used in the array sufficiently resembled the defendant's photo, and that the array was not unduly suggestive (see People v Howard, 50 AD3d 823 [2008]; People v Ragunauth, 24 AD3d 472 [2005]). Further, there is no merit to the defendant's contention that the fact that each witness was shown only a single array of six photos, by itself, rendered the photo array procedure improper (see generally People v Gilbert, 295 AD2d 275, 276-277 [2002]).

The defendant's challenge to the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) lacks merit. The defendant's past crimes were relevant to the issue of credibility because they demonstrated the defendant's willingness to deliberately further his self-interest at the expense of society

(*see People v Diaz*, 50 AD3d 919 [2008]; *People v Myron*, 28 AD3d 681 [2006], *cert denied* 549 US 1326 [2007]; *People v Telesford*, 2 AD3d 757, 758 [2003]; *People v Fulford*, 280 AD2d 682 [2001]). Moreover, the prosecutor was not permitted to inquire about the specific nature of the prior charges of which the defendant was convicted, nor the underlying facts of those prior crimes (*see People v Myron*, 28 AD3d at 683; *People v Telesford*, 2 AD3d at 758). Under these circumstances, the County Court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant, and the defendant failed to sustain his burden of "demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative worth that its exclusion was warranted" (*People v Myron*, 28 AD3d at 683; *see People v Mackey*, 49 NY2d 274, 282 [1980]; *People v Boseman*, 161 AD2d 601, 602 [1990]).

The defendant received the effective assistance of counsel under both the state and federal standards (*see People v Williams*, 8 NY3d 854, 855-856 [2007]; *People v Taylor*, 1 NY3d 174, 177 [2003]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *see also Strickland v Washington*, 466 US 668 [1984]).

The defendant failed to preserve for appellate review his contentions that there was legally insufficient proof of his identity or that he completed the takings of the property as charged (*see* CPL 470.05 [2]; *People v Anthony*, 21 AD3d 903 [2005]). In any event, those contentions are without merit (*see People v Chin*, 69 AD3d 752 [2010]; *People v Gordon*, 65 AD3d 1261 [2009]; *see also People v LaRock*, 21 AD3d 1367 [2005]; *People v Perez*, 16 AD3d 191 [2005]; *People v Harris*, 7 AD3d 812 [2004]). In addition, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the jury's findings as to the defendant's identity and as to his completion of the crimes were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, there was legally insufficient proof as to the value of the property taken. The defendant was charged with a single count of grand larceny in the fourth degree, based on his having allegedly taken property with a value of over $1,000 in an "ongoing course of conduct and common plan and scheme" on the dates of the two incidents. However, the evidence was not sufficient to prove that the television allegedly stolen in the first incident had a value of over $1,000 (*see* Penal Law § 155.30 [1]), as there was insufficient proof as to the specific type of televi-

sion that was taken (*see People v Jackman*, 8 AD3d 678 [2004]; *People v Smith*, 289 AD2d 1056 [2001]). It is undisputed that the value of the goods taken in the second incident was less than $1,000.

Further, there was insufficient proof that the two incidents, together, constituted a common scheme or plan. Grand larceny "may be charged as a series of single larcenies governed by a common fraudulent scheme or plan" under some circumstances (*People v Arnold*, 15 AD3d 783, 785 [2005] [internal quotation marks omitted]), where property is stolen from the same owner and place by a series of acts "pursuant to a single, sustained, criminal impulse" (*People v Perlstein*, 97 AD2d 482, 484 [1983] [internal quotation marks omitted]), comprised of a "unitary plan or design" (*id.* at 484). Here, however, the evidence was insufficient to demonstrate that the two takings of property constituted an ongoing fraudulent scheme or plan, as there was no evidence of the defendant's intent to commit fraud or of his intent to engage in a plan of continuous fraud. Therefore, the two incidents could not be considered in the aggregate for purposes of determining the value of the goods taken (*cf. People v Arnold*, 15 AD3d at 785; *People v Rosich*, 170 AD2d 703 [1991]). Consequently, there was insufficient proof of the value of the goods to establish the count of grand larceny in the fourth degree.

However, the evidence was legally sufficient to establish the lesser-included charge of petit larceny (*see* Penal Law § 155.25). Accordingly, we reduce the defendant's conviction of grand larceny in the fourth degree to petit larceny, and vacate the sentence imposed thereon. However, since the defendant has already served the maximum permissible sentence for that crime, the matter is remitted to the County Court, Dutchess County, for sentencing to time served on the conviction for petit larceny (*see People v Harvin*, 75 AD3d 559, 561 [2010]).

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.