THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMBERTO D. MORILLO, Appellant. [26 NYS3d 321]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered March 19, 2013, convicting him of aggravated criminal contempt, criminal contempt in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the requisite "physical injury" elements of the crimes of aggravated criminal contempt and assault in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on those two crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's allegations that the complainant's testimony regarding the existence of a parole officer for the defendant, a prior assault committed by the defendant, and the defendant's connection to a gang deprived him of a fair trial are unpreserved for appellate review, as defense counsel either failed to make specific and timely objections to the testimony at trial or failed to seek further ameliorative action in a timely fashion (*see* CPL 470.05 [2]; *People v Lewis*, 34 AD3d 599 [2006]). In any event, the admission of the testimony was not error, as it was either elicited during the defendant's own cross-examination of the complainant (*see People v Young*, 278 AD2d 261 [2000]), or after defense counsel opened the door to the matter on cross-examination (*see People v Melendez*, 55 NY2d 445, 451 [1982]; *People v Vines*, 51 AD3d 827, 828 [2008]).

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) lacks merit.

The defendant's past crimes were relevant to the issue of credibility because they demonstrated his willingness to deliberately further his self-interest at the expense of society (*see People v Seymour*, 77 AD3d 976, 979 [2010]; *People v Diaz*, 50 AD3d 919 [2008]). Moreover, the prosecutor was not permitted to inquire about the underlying facts of those prior crimes, nor question the defendant about his most recent violation and youthful offender convictions (*see People v Seymour*, 77 AD3d at 979). Under these circumstances, the court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant, and the defendant failed to sustain his burden of "demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative worth that its exclusion was warranted" (*People v Myron*, 28 AD3d 681, 683 [2006]).

The defendant's remaining contention is without merit. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.