16-1127-pr
Telesford v. Annucci

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand seventeen.

PRESENT: REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge*.[*]

---------------------------------------------------------------------

MARCUS TELESFORD,

*Plaintiff-Appellant*,

v.                                                                    No. 16-1127-pr

ANTHONY ANNUCCI, Acting Commissioner, CHRISTOPHER MILLER, Superintendent, Great Meadow Correctional Facility, STEPHEN BRANDON, Superintendent, Great Meadow Correctional Facility, MR. EASTMAN, Deputy Superintendent of Security, Great Meadow Correctional Facility, CAPTAIN GOODMAN, Great Meadow Correctional Facility, SERGEANT BASCUE, Great Meadow Correctional Facility,

*Defendants-Appellees*.

---------------------------------------------------------------------

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:                              MARCUS TELESFORD, *pro se*, Malone, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 29, 2016 judgment of the district court is AFFIRMED.

Plaintiff Marcus Telesford is presently incarcerated by New York State following his conviction for second-degree robbery and sentencing as a persistent violent felony offender.[1]  He here appeals *pro se* from the *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint against various state prison officials for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Telesford alleges that, while he was incarcerated in a special housing unit ("SHU"), defendants used security cameras to record him in the nude as he entered and exited prison showers, thereby violating his rights under the Fourth, Eighth, and Fourteenth Amendments.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's *sua sponte* dismissal of claims, accepting the facts alleged in the complaint as true and drawing all inferences in the plaintiff's favor. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and we will not accept as true

_____

[1]  *See People v. Telesford*, 2 A.D.3d 757, 758, 770 N.Y.S.2d 118, 118 (2d Dep't 2003) (affirming conviction and 18-years-to-life sentence).

2

allegations stating only "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, we afford a *pro se* litigant "special solicitude" and interpret his complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations and internal quotation marks omitted). We will reverse the dismissal if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

1.      Fourth and Eighth Amendment Claims

Insofar as Telesford claims that the alleged recordings violated the Fourth Amendment, our review is informed by the Supreme Court's recognition that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984). Nevertheless, as we recently reiterated, inmates "retain a limited right to bodily privacy." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016). To state a cognizable privacy claim, an inmate must allege that (1) he "exhibited an actual, subjective expectation of bodily privacy," and (2) prison officials lacked "sufficient justification to intrude on the inmate's [F]ourth [A]mendment rights." *Id.* (alterations and internal quotation marks omitted). Telesford's claim fails because his complaint effectively acknowledges that he had no expectation of privacy in the use of prison showers. *See Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995) ("Cells and showers are designed so that guards can see in, to prevent violence and other offenses. Prisoners dress, undress, and bathe under watchful eyes. Guards roaming the corridors are bound to see naked prisoners."). He states that

3

corrections officers in nearby "bubble stations" personally observe prisoners enter and exit the showers and monitor live video feeds from the complained-of cameras. He raises no objection to either of these surveillance methods. He complains only about the alleged *recording* of the video feeds.[2] Notably, he does not allege any improper subsequent viewing of the recordings. Because Telesford had no expectation of privacy and prison officials had a sufficient security justification for visually monitoring prison showers, and because no abusive use of the recording is alleged, Telesford cannot state a Fourth Amendment claim based on the alleged recording of what was permissibly seen.

While the Eighth Amendment protects prisoners from "calculated harassment unrelated to prison needs," *Hudson v. Palmer*, 468 U.S. at 530, Telesford's assertions that the challenged surveillance amounted to such are wholly conclusory and unsupported by the factual allegations in the complaint, *see Ashcroft v. Iqbal*, 556 U.S. at 678.

Accordingly, we affirm the dismissal of both Telesford's Fourth and Eighth Amendment claims.

2.      Equal Protection Claim

Telesford's equal protection claim alleges that the challenged video surveillance in the SHU F-Block at Great Meadow Correctional Facility was not conducted in the SHU B-Block at the same facility, from which he was recently transferred. We construe this claim to rely on a "class-of-one" theory, Appellant's Br. 21, which requires, *inter alia*,

---

[2] The prison's responses to Telesford's internal grievances, which are annexed to and acknowledged in his complaint, *see DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (stating such documents may be considered on motion to dismiss), consistently denied the presence of cameras in areas where inmates showered or were nude. For present purposes, however, we assume Telesford's allegations to be true.

4

that Telesford plead "an extremely high degree of similarity" to proposed comparators such that "no rational person could regard [his] circumstances . . . to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59–60 (2d Cir. 2010) (internal quotation marks omitted).

Even liberally construing Telesford's complaint, we cannot conclude that he pleads the requisite high degree of similarity between F-Block and B-Block generally, or specifically as pertains to him. While both blocks are SHUs, the most restrictive confinement in the New York State prison system, that by itself does not admit an inference that all SHUs, much less the inmates housed therein, are highly similar.[3] In any event, where the government has a legitimate penological concern—avoiding concealment of contraband by restrictively confined prisoners—it does not violate equal protection to address that problem in part rather than as a whole. *See Jankowski-Burczyk v. I.N.S.*, 291 F.3d 172, 179 (2d Cir. 2002) ("It is no requirement of equal protection that all evils of the same genus be eradicated or none at all." (internal quotation marks omitted)). In this regard, we note that Telesford does not assert that he is treated differently than other F-Block prisoners, which seems a more apt comparison

---

[3] For example, some SHU cells are double-occupancy with their own remotely operated shower facilities. *See* State of N.Y. Dep't of Corr. Servs., *Prison Safety in New York* 17 (2006), http://www.doccs.ny.gov/PressRel/06commissionerrpt/06prisonsafetyrpt.pdf. Further, Telesford does not allege why he was housed in an SHU or transferred from B-Block to F-Block, but court filings suggest that, even in the SHU, Telesford previously sought to conceal items on his person. *See* Complaint at 3, *Telesford v. Tamer*, No. 14-cv-1209 (N.D.N.Y. Oct. 3, 2014) (acknowledging concealment of pen in body cavity while housed in Clinton Correctional Facility SHU).

5

group. Accordingly, we affirm the district court's dismissal of Telesford's equal protection claim.

3. Conclusion

We have considered Telesford's other arguments and conclude that they are without merit. Accordingly, the March 29, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court