People v Green (2021 NY Slip Op 04445)





People v Green


2021 NY Slip Op 04445


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


433 KA 18-02390

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY GREEN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 2, 2018. The judgment convicted defendant upon a jury verdict of arson in the third degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of arson in the third degree (Penal Law § 150.10). We reject defendant's contention that Supreme Court erred in refusing to suppress statements that he made during police-monitored conversations with defendant's relatives (informants). Although we agree with defendant that the informants were acting as agents of the police when they spoke with him, the informants " 'did not make a threat that would create a substantial risk that defendant might falsely incriminate himself' " (People v Bradberry, 131 AD3d 800, 802 [4th Dept 2015], lv denied 26 NY3d 1086 [2015]; see People v Mitchell, 170 AD3d 1522, 1522-1523 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]) and, considering the totality of the circumstances, we agree with the court's further determination that defendant's statements to the informants were voluntarily made (see generally People v Huff, 133 AD3d 1223, 1225 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; People v Alexander, 51 AD3d 1380, 1381 [4th Dept 2008], lv denied 11 NY3d 733 [2008]).
We also reject defendant's contention that the court erred in refusing to suppress the statements that he made to a police investigator. Contrary to his contention, we agree with the court that no Miranda warnings were necessary before he spoke to the investigator because defendant was not in custody (see People v Baez, 175 AD3d 982, 983 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]; People v Leta, 151 AD3d 1761, 1762 [4th Dept 2017], lv denied 30 NY3d 981 [2017]). Indeed, the record supports the court's conclusions, including that defendant went home after the interview terminated and that he made the statement at issue spontaneously as he was leaving the police station. With respect to defendant's contention that the statement was involuntary because a police investigator told defendant that the police would be looking for him, we conclude that defendant failed to make the requisite showing that the investigator engaged in "deception [that] was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession" (People v Morris, 173 AD3d 1797, 1798 [4th Dept 2019], lv denied 34 NY3d 953 [2019] [internal quotation marks omitted]), and we further conclude that the statements to the investigator were voluntarily made (cf. People v Anderson, 42 NY2d 35, 39 [1977]). Defendant failed to preserve for our review his contention that the court should have suppressed those statements as the fruit of an unlawful stop of a vehicle in which he was a passenger (see People v Watkins, 151 AD3d 1913, 1913 [4th Dept 2017], lv denied 30 NY3d 984 [2017]; see generally People v Hudson, 158 AD3d 1087, 1087 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). [*2]We reject defendant's contention that the issue does not require preservation (see e.g. People v Miranda, 27 NY3d 931, 932-933 [2016]; People v Graham, 25 NY3d 994, 996-997 [2015]).
We also reject defendant's further contention that he was deprived of effective assistance of counsel due to his attorney's failure to move to suppress defendant's statements on the ground that they were the fruit of the allegedly unlawful vehicle stop. The record before us does not establish that defense counsel had any basis upon which to challenge the stop of the vehicle, and it is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (People v Francis, 63 AD3d 1644, 1644 [4th Dept 2009], lv denied 13 NY3d 835 [2009] [internal quotation marks omitted]; see generally People v Caban, 5 NY3d 143, 152 [2005]). To the extent that defendant's contention involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL 440.10 (see People v Carey, 162 AD3d 1476, 1478 [4th Dept 2018], lv denied 32 NY3d 936 [2018]). Defendant's remaining allegations of ineffective assistance of counsel lack merit. Viewing defense counsel's representation in its totality and as of the time of the representation, including defendant's acquittal on the four counts charged in the indictment, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's contention that the court erred in concluding that the identification procedure was not unduly suggestive. To the contrary, we conclude that "the fact that a witness viewed the photo array while [other people were] in the room did not taint the witness's identification of defendant's photograph in the photo array" (People v Rodriguez, 17 AD3d 1127, 1129 [4th Dept 2005], lv denied 5 NY3d 768 [2005]). The evidence from the suppression hearing demonstrates that the juvenile witness's father and the father's attorney were present but did not participate in the identification procedure or influence the identification of defendant by the juvenile (see People v Vanvleet, 140 AD3d 1633, 1634 [4th Dept 2016], lv denied 28 NY3d 938 [2016]; Rodriguez, 17 AD3d at 1129; see also People v Libbett, 289 AD2d 961, 961-962 [4th Dept 2001], lv denied 97 NY2d 730 [2002]).
Defendant's contention that the court erred in its Molineux ruling with respect to the evidence of an uncharged crime is not preserved for our review because defendant did not challenge that evidence in his opposition to the People's application to introduce Molineux evidence or otherwise object to the admission thereof (see People v Finch, 180 AD3d 1362, 1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]). We further conclude that "[d]efendant's contention that the court erred in allowing a witness to testify that he had allegedly committed uncharged crimes outside the scope of the Molineux ruling is not properly before us inasmuch as defendant did not object at the time of that testimony" (People v Williams, 101 AD3d 1730, 1732 [4th Dept 2012], lv denied 21 NY3d 1021 [2013]; see People v Bastian, 83 AD3d 1468, 1469 [4th Dept 2011], lv denied 17 NY3d 813 [2011]). Defendant also failed to preserve his contentions concerning alleged instances of prosecutorial misconduct during summation (see People v Boyd [appeal No. 2], 184 AD3d 1151, 1154 [4th Dept 2020]; see also People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]), and an alleged Brady violation (see People v Bloom, 149 AD3d 1462, 1463 [4th Dept 2017], lv denied 30 NY3d 947 [2017]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court