People v Sawyer (2025 NY Slip Op 05378)

People v Sawyer

2025 NY Slip Op 05378

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

662 KA 21-01461

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT I. SAWYER, DEFENDANT-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered August 23, 2021. The judgment convicted defendant upon a jury verdict of burglary in the first degree, attempted robbery in the first degree, conspiracy in the fourth degree, criminal possession of a weapon in the second degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [4]), attempted robbery in the first degree (§§ 110.00, 160.15 [4]), conspiracy in the fourth degree (§ 105.10 [1]), criminal possession of a weapon in the second degree (§ 265.03 [1] [b]) and menacing in the second degree (§ 120.14 [1]). We affirm.
Defendant's contention that County Court erred in allowing a witness to testify that defendant had allegedly committed uncharged crimes outside the scope of the Molineux ruling and that he had been incarcerated with the victim is not preserved for our review inasmuch as defendant did not object at the time of that testimony (see People v Green, 196 AD3d 1148, 1151 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1161 [2022]).
Defendant's contention that the evidence is legally insufficient to support his conviction because there was insufficient corroboration of the accomplice testimony is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not "specifically directed at the ground[ ] advanced on appeal" (People v Moore, 232 AD3d 1299, 1300 [4th Dept 2024], lv denied 43 NY3d 945 [2025]; see People v Gray, 86 NY2d 10, 19 [1995]). Defendant's contention that the People failed to present legally sufficient evidence of defendant's liability for criminal possession of a weapon because there was no evidence that he possessed the gun is similarly unpreserved for our review (see Gray, 86 NY2d at 19). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (Moore, 232 AD3d at 1300 [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court