■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEOPILUS JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 18, 1989, convicting him of operating a motor vehicle while under the influence of alcohol (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The suppression hearing testimony indicates that at approximately 7:30 P.M. on January 3, 1989, Police Officer Joseph Hutter, while on patrol with his partner, came upon the scene of an accident. Officer Hutter observed a parked Volvo with rear end damage and a Cadillac behind it with front end damage. The officer first spoke with the son of the owner of the Volvo who described what happened, and then approached the Cadillac where the defendant was seated behind the steering wheel with the engine running. The officer asked the defendant for his license, registration and insurance card; whether he was the driver of the Cadillac, and whether he had been drinking. The defendant admitted that he had been driving the Cadillac, that he had been drinking, and that he had hit a parked car. During this conversation, Officer Hutter observed that the defendant's eyes were bloodshot, his speech was slurred, he smelled strongly of alcohol, and he was disoriented. Concluding that the defendant was intoxicated, the officer placed him under arrest and took him to the station house. At 8:40 P.M., the defendant was given the *Miranda* warnings and he agreed to answer questions.

Contrary to the defendant's contention, we find that the hearing court properly denied suppression of his statements. It is clear that a reasonable man, innocent of any crime, in the circumstance of the defendant herein would not have considered himself in custody simply due to the police officer's request for information while he sat in his car *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *see, e.g., People v Fiorello,* 140 AD2d 708, 709; *People v Brown,* 104 AD2d 696, 697; *People v Mathis,* 136 AD2d 746), and the statements made by the defendant at that time were not made in a custodial setting. We further find that, based on the totality of the circumstances, the defendant voluntarily waived his *Miranda* rights and therefore the statements he made at the precinct were admissible at trial. Intoxication

alone is insufficient to render a statement involuntary (see, People v Perry, 144 AD2d 706). The hearing court correctly concluded that there was no evidence that the defendant was so intoxicated that he was unable to comprehend the significance of his statements. Accordingly, the hearing court's determination should be accorded great deference and will not be set aside (see, People v Perry, supra).

We also find that since the defense counsel failed to object at trial to the admission of hearsay testimony, the issue is unpreserved for appellate review (see, CPL 470.05 [2]; People v Guy, 121 AD2d 741). In light of the overwhelming evidence of guilt, we do not choose to reach it in the exercise of our interest of justice jurisdiction. Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.