■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN COATS, Appellant. [601 NYS2d 830] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered December 7, 1989, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court, dated February 4, 1992, which denied his motion pursuant to CPL 440.10 (1) (b) to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant has failed to preserve for appellate review his present claim that his plea allocution was insufficient *(see, People v Lopez,* 71 NY2d 662). Nor does the claim fall within the narrow exception to the preservation rule, since his factual recitation did not negate an essential element of the crime *(see, People v Lopez, supra).* Although the defendant initially denied any intent to kill the victim, upon further inquiry by the court, he changed his response and admitted that that was his intent when he shot the victim in the head.

Contrary to the defendant's further contention, his trial counsel's failure to move to suppress evidence on the ground that his rights under *Payton v New York* (445 US 573) were violated did not establish ineffective assistance of counsel, since the motion was not warranted by the facts of this case and counsel otherwise provided meaningful representation *(see, People v Baldi,* 54 NY2d 137). In any event, "a showing that counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" *(People v Rivera,* 71 NY2d 705, 709).

Finally, since the defendant's sentence was the result of a negotiated plea, he has no basis to now complain that it was excessive *(see, People v Kazepis,* 101 AD2d 816). Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.