■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EILEEN NORMILE, Appellant. [645 NYS2d 337] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 22, 1995, upon a verdict convicting defendant of the crime of criminal mischief in the third degree.

Defendant was indicted for a single count of criminal mischief in the third degree as the result of a March 5, 1994 incident in which defendant and three accomplices attached a chain to the front bumper of defendant's car, hooked the other end beneath the front of a soda vending machine and quickly backed the car away, so as to force open the front of the vending machine. After an unsuccessful effort at suppressing a written confession she gave to the police at her residence on April 3, 1994, the action proceeded to trial. The jury rendered a verdict finding defendant guilty of the sole count of the indictment, defendant was sentenced as a predicate felony offender to an indeterminate prison term of $1^1/_2$ to 3 years, and she now appeals.

We affirm. Initially, we are not persuaded that the evidence adduced at the Huntley hearing compelled a finding that defendant was in police custody at the time of her April 3, 1994 confession, thereby rendering her statement involuntary by virtue of the officers' conceded failure to give Miranda warnings before they questioned her. Given County Court's "peculiar advantages of having seen and heard the witnesses" (People v Prochilo, 41 NY2d 759, 761) and according its determinations the great weight they deserve (see, People v Lesiuk, 81 NY2d 485, 490), we perceive no basis for disturbing County Court's resolution of conflicts in the testimony in favor of the People (see, supra) and its determination that defendant was not in police custody at the time of her statements. As found by County Court, defendant invited the police officers into her apartment, spoke with them freely and even accompanied them in a car to point out the residence of another participant in the crime.

Notably, defendant was not arrested until several days following the April 3, 1994 interview.

Nor are we persuaded that County Court erred in receiving evidence-in-chief of defendant's participation in other similar incidents in close temporal proximity to the charged crime. As contended by the People, on the prosecution for criminal mischief in the third degree it was their burden to establish that defendant was involved in something more than a harmless prank and that she actually intended to damage the vending machine (*see*, Penal Law § 145.05). Evidence of other similar incidents tended to establish defendant's intent to force the door open so that she and her confederates could take the money and soda inside (*see*, *People v Ingram*, 71 NY2d 474, 479-480; *People v Schwartzman*, 24 NY2d 241, 247-248, *cert denied* 396 US 846; Barker & Alexander, Evidence in New York State and Federal Courts § 404.1 [c]). Further, a balancing of the probative value of the evidence against the prejudice to defendant weighed in favor of its admission (*see*, *People v Ventimiglia*, 52 NY2d 350, 359-360). In any event, in view of the overwhelming evidence of defendant's guilt and County Court's appropriate limiting instructions, any error committed in that connection did not taint the verdict and was harmless (*see*, *People v Crimmins*, 36 NY2d 230, 241-242).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.