■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL POWELL, Appellant. [757 NYS2d 297] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 25, 2001, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to a term of life without parole, unanimously affirmed.

Defendant's motion to suppress his confession was properly denied. Defendant's comment that he thought he would wait

for a lawyer was not an unequivocal assertion to his right to counsel when viewed in context of the totality of circumstances, particularly with respect to events following the comment itself (*see People v Glover*, 87 NY2d 838 [1995]; *see also Clark v Murphy*, 317 F3d 1038 [2003]; *Burket v Angelone*, 208 F3d 172, 197 [2000], *cert denied* 530 US 1283 [2000]). Defendant did not, in fact, "wait" for a lawyer. Instead, after talking to his wife, defendant initiated a conversation with a detective, telling the detective that he wanted to talk to an Assistant District Attorney. The Assistant District Attorney then made a careful inquiry, in which he called defendant's attention to his comment about waiting for a lawyer. Defendant's responses clarified his prior comment and ensured that he had not invoked the right to counsel and had no wish to do so (*see People v Hayes*, 127 AD2d 608 [1987], *lv denied* 70 NY2d 704 [1987]).

The evidence was legally sufficient to establish defendant's guilt under a theory of transferred intent in a case where the wrong person was killed in a murder-for-hire scheme involving defendant and two other persons (*see* Penal Law § 125.27 [1] [a] [vi]; *People v Fernandez*, 88 NY2d 777, 781 [1996]). The evidence warranted the conclusion that the unintended victim was shot in the vicinity of the expected location of the intended victim, and that he was shot solely because the codefendant who fired the fatal shots mistook him for the intended victim, rather than for some reason unrelated to the murder scheme.

The court properly refused to charge the jury on criminal facilitation in the fourth degree, since that offense is not a lesser included offense of first-degree murder under the provision for hired killings. A comparison of the statutory elements reveals that it is possible to commit that type of first-degree murder without also committing criminal facilitation (CPL 1.20 [37]; Penal Law §§ 115.00, 125.27 [1] [a] [vi]). In any event, there was no reasonable view of the evidence to support such a charge.

Defendant's claim that counsel was ineffective is based primarily upon strategic choices made by counsel. Accordingly, a CPL 440.10 motion would be required in order to expand the record so that trial counsel may explain his decisions (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, defendant has failed to show "the absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]), and we find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's challenge to the constitutionality of the sentencing scheme for first-degree murder is unpreserved (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*People v Hansen*, 99 NY2d 339 [2003]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.