■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOPEZ, Appellant. [770 NYS2d 854]—

Judgment, Supreme Court, Bronx County (William Donnino,

J.), rendered April 11, 2001, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and assault in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of 25 years to life, 15 years and 25 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress his videotaped statement, since his vague reference to a prior request for counsel, apparently made at some unknown time and to an unknown person, was not an unequivocal invocation of his right to counsel (*see People v Glover*, 87 NY2d 838 [1995]; *People v Fridman*, 71 NY2d 845 [1988]; *People v Powell*, 304 AD2d 410 [2003]). Defendant's remark did not obligate the interviewing prosecutor to make any clarifying inquiries (*see Davis v United States*, 512 US 452, 459-460 [1994]).

The challenged portions of the prosecutor's summation were generally within the broad bounds of permissible rhetorical comment and did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The existing record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence.

We have considered and rejected the remaining claims contained in defendant's pro se supplemental brief. Concur—Nardelli, J.P., Andrias, Sullivan, Ellerin and Gonzalez, JJ.