■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONIDES BONILLA, Appellant. [943 NYS2d 218]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered July 24, 2008, convicting him of rape in the first degree, attempted rape in the first degree, sexual abuse in the first degree (two counts), and criminal sexual act in the first degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his untimely motion for a hearing to suppress evidence pursuant to *Payton v New York* (445 US 573 [1980]) because he did not explain why the motion could not have been made sooner (*see* CPL 255.20; *People v Greaves*, 12 AD3d 690, 690-691 [2004]; *People v Anderson*, 201 AD2d 658, 659 [1994]). Moreover, his trial counsel's failure to timely move to suppress evidence pursuant to *Payton* did not constitute ineffective assistance of counsel, since the motion was not warranted by the facts and his counsel otherwise

provided meaningful representation (*see People v Howard*, 37 AD3d 494, 495 [2007]; *People v Jackson*, 17 AD3d 148, 149 [2005]; *People v Coats*, 195 AD2d 519 [1993]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Taylor*, 94 NY2d 910, 911 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court legally imposed consecutive sentences upon the defendant's convictions of rape in the first degree and criminal sexual act in the first degree, as each count involved a separate sexual act constituting a distinct offense (*see People v Colon*, 61 AD3d 772, 773 [2009]; *People v Gersten*, 280 AD2d 487, 487-488 [2001]; *People v Benn*, 213 AD2d 489 [1995]; *People v Rivera*, 186 AD2d 594, 596 [1992]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.