■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNA STRANO, Appellant. [20 NYS3d 423]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered March 27, 2014, convicting her of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court providently exercised its discretion in denying her application for leave to amend her omnibus motion to include an additional ground for suppression of her statements based on a violation of *Payton v New York* (445 US 573 [1980]). While defense counsel explained that the reason for the late application was that evidence adduced at the pretrial suppression hearing

indicated that suppression of the defendant's statements may have been warranted pursuant to *Payton*, the defendant is presumed to have knowledge of the evidence relating to the circumstances of her arrest (*see People v Greaves*, 12 AD3d 690, 691 [2004]) and defense counsel did not adequately explain why the application could not have been made sooner (*see* CPL 255.20; *People v Bonilla*, 95 AD3d 898, 898 [2012]; *People v Greaves*, 12 AD3d at 691).

The defendant's contention that the court should have corrected certain alleged errors in the presentence report (hereinafter the PSR) is not preserved for appellate review because when defense counsel asked the court to adjourn sentencing so that he could address the alleged errors in writing, the court ruled that defense counsel could append such writing to the PSR, and defense counsel consented to this procedure by responding "[y]es, sir" (*see* CPL 470.05 [2]; *People v Jones*, 114 AD3d 1239, 1242 [2014]).

The defendant's contention that the County Court erred in allowing the People's jewelry appraisal expert to conduct research on his cell phone during his testimony regarding the value of the stolen jewelry at the time the crime was committed is largely unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any error in admitting the expert's testimony concerning the results of such research was harmless. Prior to conducting the cell phone research, the expert testified that the value of the jewelry exceeded $1,000, which is the statutory value for the commission of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]). Specifically, the expert testified that at the time he appraised the jewelry in December 2013, the value was $1,390, and that such value was comparable to its value at the time the crime was committed in the summer of 2012. Thus, there was no significant probability that the error contributed to the defendant's conviction, and the proof of the defendant's guilt was overwhelming (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.