■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PEREZ, Appellant. [52 NYS3d 671]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Camacho, J.), rendered June 25, 2015, convicting him of aggravated vehicular homicide, manslaughter in the second degree, and vehicular manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied suppression of the statement he made to the police after he was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Glover*, 87 NY2d 838, 839 [1995]; *People v Carrino*, 134 AD3d 946, 948 [2015]; *People v Powell*, 304 AD2d 410, 410-411 [2003]). After he was advised of his rights, the defendant was asked if he was willing to answer questions. He said "yes," but wrote "no" on his written waiver. This was not an unequivocal invocation of his right to counsel, and it was proper for the detective to clarify the de-

fendant's answer (*see Davis v United States*, 512 US 452, 461 [1994]; *People v Powell*, 304 AD2d at 410-411; *cf. People v Harris*, 93 AD3d 58, 68 [2012], *affd* 20 NY3d 912 [2012]), to ensure that the defendant had not invoked his right to counsel, and did not wish to (*see People v Powell*, 304 AD2d at 410-411).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of aggravated vehicular homicide (Penal Law § 125.14 [1]) and manslaughter in the second degree (Penal Law § 125.15 [1]) beyond a reasonable doubt (*see People v Hale*, 147 AD3d 975 [2017]; *People v Gallo*, 133 AD3d 1088, 1089-1090 [2015]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *cf. People v Gordian*, 99 AD3d 538, 538 [2012]). "[A] showing that counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Vonneida*, 130 AD3d 1322, 1322-1323 [2015]; *People v Coats*, 195 AD2d 519, 519 [1993]). Even if there was a colorable basis upon which a motion to suppress evidence of the defendant's refusal to submit to a chemical test could have been made, the defendant was not deprived of the effective assistance of counsel since the motion had little or no chance of success (*see People v Carver*, 27 NY3d 418, 420-421 [2016]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.