■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN LETA, Appellant. [55 NYS3d 847]—

Appeal from a judgment of the Supreme Court, Monroe

County (Francis A. Affronti, J.), rendered April 5, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a forged instrument in the second degree (two counts) and identity theft in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a nonjury trial of two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count of identity theft in the second degree (§ 190.79 [1]). The charges arose from defendant's deposit of two forged checks into her bank account. Defendant contends that the conviction of identity theft is not supported by legally sufficient evidence because the People did not establish that she assumed the identity of another person. Defendant failed to preserve that contention for our review inasmuch as she moved for a trial order of dismissal on a different ground (*see People v Thomas*, 136 AD3d 1390, 1390 [2016], *lv denied* 27 NY3d 1140 [2016], *denied reconsideration* 28 NY3d 974 [2016]) and she failed to renew the motion after presenting evidence (*see People v Graham*, 148 AD3d 1517, 1517 [2017]). In any event, we reject that contention (*see People v Yuson*, 133 AD3d 1221, 1221-1222 [2015], *lv denied* 27 NY3d 1157 [2016]).

Contrary to defendant's further contention, we conclude that Supreme Court properly refused to suppress the statement she made to a police officer without the benefit of *Miranda* warnings. The record supports the court's determination that "a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required" (*People v Lunderman*, 19 AD3d 1067, 1068 [2005], *lv denied* 5 NY3d 830 [2005]). Based upon the testimony at the suppression hearing, the court properly concluded that the relevant factors weighed against a determination that defendant was in custody (*see id.* at 1068-1069). Defendant invited the officer into her home, spoke with him at her kitchen table, moved about freely, and was not arrested until nearly three months later (*see People v Normile*, 229 AD2d 627, 627-628 [1996]). In addition, the questioning was investigatory rather than accusatory (*see People v Smielecki*, 77 AD3d 1420, 1421 [2010], *lv denied* 15 NY3d 956 [2010]), the entire conversation lasted only 90 minutes (*see People v Nova*, 198 AD2d 193, 194 [1993], *lv denied* 83 NY2d 808 [1994]), and defendant was cooperative, never asked for questioning to cease, and never requested counsel (*see People v Mastin*, 261 AD2d 892, 893 [1999], *lv denied* 93

NY2d 1022 [1999]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.