People v Nikac (2022 NY Slip Op 00436)





People v Nikac


2022 NY Slip Op 00436


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2017-07071
 (Ind. No. 279/16)

[*1]The People of the State of New York, respondent,
v
Dijela Nikac, appellant.


Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M. C. Leiter and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered June 9, 2017, convicting her of grand larceny in the third degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Howard E. Sturim, J.), of the suppression of her statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant argues that the police officers who arrested her did not have probable cause. As the defendant did not seek a ruling in the Supreme Court as to whether the officers had probable cause for her arrest, this contention is unpreserved for appellate review (see CPL 470.05[2]; People v Bigelow, 68 AD3d 1127, 1128; People v High, 18 AD3d 775). In any event, the evidence elicited at the suppression hearing established that the officers had probable cause (see People v Smith, 174 AD3d 655, 657).
The Supreme Court properly denied suppression of the defendant's statements to law enforcement officials. "Miranda warnings need not be given until both the elements of police 'custody' and 'interrogation' are present" (People v Reardon, 124 AD3d 681, 683; see Miranda v Arizona, 384 US 436). "The standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d 122, 129). "The issue of whether a suspect is in custody is generally a question of fact that does not turn on the subjective intent of the police, or the subjective beliefs of the defendant" (People v Santjer, 190 AD3d 983, 984 [citation omitted]). The factors to be weighed include the amount of time which the defendant spent with the police, the manner, if any, in which his or her freedom was restricted, the location and atmosphere of his or her questioning, the degree of cooperation which he or she exhibited, whether he or she was apprised of his or her constitutional rights, and whether the questioning was investigatory or accusatory in nature (see People v Brown, 177 AD3d 763, 765).
Here, the hearing testimony established that the police officers, with the defendant's permission, entered the defendant's home and engaged in a brief 15-minute conversation. The [*2]questioning of a defendant in his or her own home by police officers is not, without more, sufficient to conclude that the interrogation was custodial (see People v Paulin, 25 NY2d 445, 449). In addition, the testimony established that the defendant was cooperative and was free to ask the police officers to leave at any time. Thus, the evidence at the suppression hearing supported the Supreme Court's conclusion that the defendant was not in custody when she voluntarily answered the officers' questions at her home (see People v Leta, 151 AD3d 1761, 1762; People v Claudio, 85 AD2d 245, 261).
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court