People v Small (2023 NY Slip Op 00111)

People v Small

2023 NY Slip Op 00111

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-01137
 (Ind. No. 2048/18)

[*1]The People of the State of New York, respondent,
v
Damien R. Small, appellant.

Patricia Pazner, New York, NY (Anders Nelson of counsel; Carsyn Costello and Risa Lake on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Felicia Thomas of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered December 4, 2019, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and operating a motor vehicle while under the influence of alcohol, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court should have suppressed his statements to law enforcement officials as the product of custodial interrogation conducted without the benefit of Miranda warnings (see Miranda v Arizona, 384 US 436). "The Miranda rule protects the privilege against self-incrimination and, because the privilege applies only when an accused is compelled to testify, the safeguards required by Miranda are not triggered unless a suspect is subject to custodial interrogation" (People v Paulman, 5 NY3d 122, 129 [internal quotation marks omitted]; People v Berg, 92 NY2d 701, 704). "The standard for assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v Paulman, 5 NY3d at 129; see People v Harris, 48 NY2d 208, 215). "The factors to be weighed include the amount of time which the defendant spent with the police, the manner, if any, in which his or her freedom was restricted, the location and atmosphere of [the] questioning, the degree of cooperation which he or she exhibited, whether he or she was apprised of his or her constitutional rights, and whether the questioning was investigatory or accusatory in nature" (People v Nikac, 201 AD3d 955, 956).
Here, the hearing evidence established that the defendant was sitting inside his vehicle when he made the subject statements in response to investigatory questions asked by a police officer who was responding to a report of a motor vehicle accident. Under the circumstances, the Supreme Court properly found that the defendant was not in custody when the challenged statements were made (see People v Gore, 117 AD3d 845; People v Johnson, 173 AD2d 852).
The defendant's contention that the manner in which the Supreme Court conducted jury selection violated CPL 270.15(3) is unpreserved for appellate review (see CPL 470.05[2]; People v Agramonte, 87 NY2d 765). In any event, the record does not demonstrate that the statutory procedures for jury selection were violated.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court