People v Flowers (2023 NY Slip Op 00437)

People v Flowers

2023 NY Slip Op 00437

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2018-07514
 (Ind. No. 3994/15)

[*1]The People of the State of New York, respondent,
v
Elijah Flowers, appellant.

Patricia Pazner, New York, NY (Melissa Lee and David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered May 18, 2018, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
On May 20, 2015, New York City Police Department officers responded to a report of a sexual assault at a family shelter located in Brooklyn. Upon arrival, the police officers approached the shelter's security desk and were escorted to the room where the assault allegedly occurred. The police officers learned from witnesses at the shelter that the defendant, who also lived in the shelter, and his friend had assaulted the intoxicated complainant the night before, and that the defendant and his friend were still in the defendant's room at the shelter. A shelter security guard then escorted the officers to the defendant's room, the officers knocked on the door, and, after they received no answer, the security guard informed the officers that, because it was a shelter, he could open the door for the officers and authorize a search of the room. The security guard then opened the door, the officers found the defendant and his friend hiding inside, and arrested both men.
On consent, the Supreme Court held a suppression hearing relating to, inter alia, the defendant's statements to police. After the close of evidence at the hearing, the defendant argued for the first time that his statements should be suppressed based upon the fact the police entered his room and arrested him therein without a warrant (see Payton v New York, 445 US 573). The court, among other things, declined to suppress the defendant's statements on that ground, concluding that his contentions concerning the warrantless entry and arrest were untimely and without merit. The defendant was ultimately convicted, after a trial, of sexual abuse in the first degree and endangering the welfare of a child. The defendant appeals.
The Supreme Court providently exercised its discretion in rejecting, as untimely, the defendant's argument that his statements to law enforcement officials should be suppressed based upon the warrantless entry into his room and subsequent arrest therein (see CPL 255.20[1]; 710.40[1]). The defendant failed to explain why he did not seek suppression of his statements on [*2]this ground prior to the suppression hearing, or why this ground for suppression could not have been raised sooner (see People v Mason, 157 AD3d 439, 440; People v Bonilla, 95 AD3d 898, 898), and we decline to review the merits of his contentions in the interest of justice.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain comments made by the prosecutor during her opening statement and summation were improper and deprived him of a fair trial is largely unpreserved for appellate review since the defendant either failed to object to the challenged statements, or did not seek curative instructions or move for a mistrial when his objections were sustained (see CPL 470.05[2]; People v Morris, 2 AD3d 652, 653; People v McHarris, 297 AD2d 824). In any event, the challenged statements, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Adolph, 206 AD3d 753; People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693; People v McHarris, 297 AD2d 824), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459), and any improper statements were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Adolph, 206 AD3d 753; People v Almonte, 23 AD3d 392, 394; People v Svanberg, 293 AD2d 555).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court