People v Rodgers (2024 NY Slip Op 03499)

People v Rodgers

2024 NY Slip Op 03499

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-09841
 (Ind. No. 70379/20)

[*1]The People of the State of New York, respondent,
v
Arem Rodgers, appellant.

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Hilda Mortensen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered October 19, 2022, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Patricia A. Harrington, J.), of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
By pleading guilty, the defendant forfeited his contention that the grand jury proceeding was rendered defective due to a prosecutor's alleged error in relation to certain testimony offered thereat (see People v Hansen, 95 NY2d 227, 230-232; People v Rivera, 226 AD3d 929, 931-932; People v Ortiz, 84 AD3d 839, 840).
The defendant's assertion that the evidence at a suppression hearing failed to establish probable cause for his arrest is unpreserved for appellate review, since the specific arguments he now makes were not raised before the Supreme Court (see CPL 470.05[2]; People v Cruz, 137 AD3d 1158, 1159; People v DeCasta, 34 AD3d 828, 828). In any event, the defendant's contention is without merit. The evidence elicited at the hearing established that the police had probable cause to arrest him (see People v Maldonado, 86 NY2d 631, 635-636; People v Nikac, 201 AD3d 955, 956; People v Mitchell, 124 AD3d 912, 914).
Similarly, the defendant's specific arguments in support of his contention that the Supreme Court should have suppressed certain statements he made to the police following his arrest are unpreserved for appellate review (see People v Summerville, 138 AD3d 897, 897; People v Folkes, 43 AD3d 956, 957; People v Santiago, 289 AD2d 421, 421-422) and, in any event, without merit (see People v Vinson, 199 AD3d 942, 943; People v Perez, 150 AD3d 1150, 1150-1151).
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court