People v Ponce (2025 NY Slip Op 51565(U))

[*1]

People v Ponce

2025 NY Slip Op 51565(U)

Decided on October 2, 2025

Criminal Court Of The City Of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 2, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Gonzalo Dominguez Ponce.

Docket No. CR-009148-25KN

For the People: Isabella Napodano
For defendant: Mehdi Essmidi

Philip V. Tisne, J.

On February 24, 2025, the People filed a complaint charging defendant with Operating a Motor Vehicle While Under the Influence of Alcohol (VTL § 1192[1], [3]) and Possession of Alcoholic Beverages in a Motor Vehicle (VTL § 1227[1]). On May 23, 2025, the People served and filed a certificate of compliance ("COC") and statement of readiness. Defendant now moves to dismiss the charges against him on speed-trial grounds under CPL 30.30, arguing that the People's COC was not properly served upon defense counsel within the prescribed statutory period. See CPL 170.30(1)(e). The court assumes the parties' familiarity with the facts and legal arguments raised in the motion. For the reasons stated below, defendant's motion to dismiss is DENIED.
"No procedural principle is more familiar . . . than that a constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." United States v Olano, 507 US 725, 731 (1993). Criminal practice in New York incorporates this principle in a variety of ways. The doctrine of preservation, for example, generally bars a defendant from raising a claim on appeal if they did not make a timely objection in the trial court. See CPL 470.05(2); see also CPL 470.15(6), 470.35(1); accord People v Epakchi, 37 NY3d 39, 63 n.8 (2021) (Wilson, J., dissenting) (describing the "very narrow" exception to the rule of preservation). A trial court is also authorized to find that a defendant has forfeited a claim if the defendant failed to comply with statutory deadlines for presenting the claim. See CPL 245.50(4)(c), 255.20(1)-(3); see also People v Seymour, 84 Misc 3d 23, 25 (App Term, 2d Dep't 2024); People v Flowers, 213 AD3d 692, 693 (2d Dep't 2023). The principle that rights may be forfeited by failing to raise them timely is thus a common and well-settled feature of our criminal practice.
This case deals with a court-imposed deadline, not a deadline imposed by statute, but the court's authority to enforce its own deadlines is equally well settled. Cf. Favourite Ltd. v Cico, 42 NY3d 250, 259 (2024) (recognizing "the general discretion of the trial court to manage its docket in the interest of judicial economy"). At a court appearance on May 28, 2025, defense counsel argued that the People's COC was untimely because they had incorrectly served it on [*2]prior counsel. He sought to dismiss the case on that ground, and the court set a briefing schedule requiring counsel to file a brief by June 25, 2025, and the People to file a response by July 16, 2025. The court adjourned the case for decision on August 20, 2025. Without seeking an extension, counsel filed his motion on August 18, 2025. At the next appearance two days later, counsel did not offer any explanation for the delayed filing and requested another briefing schedule, which the court set over the People's objection. The People now argue that, in addition to being meritless, defendant's motion is untimely and should be denied on that basis. The court agrees.
In this case, defendant forfeited the right to assert the claims in his motion by failing to comply with the court-ordered briefing schedule, and his motion to dismiss is DENIED accordingly.
This constitutes the order of the court.
Dated: October 2, 2025
Brooklyn, New York
Hon. Philip V. Tisne